A. John Pate (Utah Bar No. 6303)
jpate@patebaird.com
Gordon K. Hill (Utah Bar No. 9361)
ghill@patebaird.com
PATE BAIRD, PLLC
36 West Fireclay Avenue
Salt Lake City, Utah 84107

*Attorneys for Plaintiff*
*Azteca Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| AZTECA SYSTEMS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UI LABS, an Illinois Corporation,<br><br>Defendant. | Civil Action No. 2:15-CV-0315-PMW<br><br>**COMPLAINT**<br><br>Magistrate Judge Paul M. Warner |

Plaintiff, Azteca Systems, Inc. (hereinafter "Azteca"), by and through its attorneys hereby files this Complaint against Defendant, UI Labs (hereinafter "UIL"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**THE PARTIES**

1. Azteca is a corporation duly organized and existing under the laws of the State of Utah and has a principal place of business located at 11075 South State Street, Suite 24, Sandy, Utah 84070.

1

2. Upon information and belief, UIL is a corporation duly organized and existing under the laws of the State of Illinois and has a principal place of business located at 200 East Randolph, Suite 200, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

3. This is a civil action for trademark infringement arising under the Lanham Act, Title 15, United States Code §1051, *et seq.*, and Utah common law provisions.

4. This is also a civil action for unfair competition pursuant to the laws of the State of Utah, including but not limited to Utah Code Ann. §13-5a-101, *et seq.*

5. This court has subject matter jurisdiction over Azteca's trademark infringement and unfair competition claims pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332(a), 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. §1367.

6. Upon information and belief, this court has personal jurisdiction over UIL pursuant to, at least, Utah Code Ann. §§78B-3-201 and 78B-3-205.

7. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§1391(b)(2), 1391(b)(3), and 1391(c).

## FACTUAL BACKGROUND

8. Azteca is a leader in the business of software development for managing and maintaining public infrastructure.

9. Among the software products offered by Azteca is a software suite sold in connection with the trademark CITYWORKS®. Azteca's CITYWORKS® software is utilized by cities and towns to manage public works and utilities assets, also known as infrastructure, which includes at least streets, water, sewer, power, transportation, logistics and the like.

10. The CITYWORKS® software suite has proven to be very successful. As such, Azteca has significant common law rights associated with the CITYWORKS® trademark, and its associated trademarks, throughout the United States.

11. Azteca is the owner of valid and subsisting United States trademark registration number 3,733,712 for the trademark CITYWORKS® for use in connection with "computer software, namely, software programs for management of public works and utilities assets" in International Class 9, which was issued by the United States Patent and Trademark Office on January 5, 2010. A copy of United States Trademark Registration No. 3,733,712 is attached hereto as Exhibit A.

12. Azteca has used the CITYWORKS® trademark in commerce throughout the United States continuously since at least as early as May 4, 1999 in connection with the production, distribution, offering for sale, sale, marketing, advertising and promotion of software programs for management of public works and utilities assets.

13. U.S. Trademark Registration No. 3,733,712 has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. §1065.

14. As a result of its widespread, continuous and exclusive use of the CITYWORKS® trademark to identify its computer software programs and Azteca as their source, Azteca owns valid and subsisting federal statutory and common law rights to the CITYWORKS® trademark.

15. Azteca's CITYWORKS® trademark is distinctive to both the consuming public and Azteca's trade and business partners.

16. Azteca has expended substantial time, money and resources marketing, advertising and promoting the computer software programs sold under the CITYWORKS® trademark

including through Azteca's marketing and sales teams, word of mouth from current Azteca clients, and internet marketing and promotion (*i.e.*, website and Twitter presences).

17. Azteca owns the website URL www.cityworks.com to promote and describe its computer software products. A representative copy of a screenshot of the front page of Azteca's website and of the front page of Azteca's website, [www.cityworks.com](www.cityworks.com) , both showing Azteca's use of the CITYWORKS® trademark in connection with these goods and services, are attached hereto as Exhibit B.

18. Azteca utilizes the Twitter handle "@Cityworks" to promote its CITYWORKS® computer software programs and to communicate with its employees, clients, and potential clients.

19. Azteca has expended a considerable amount of time and money on the marketing, advertising and promotion of its computer software programs sold under the CITYWORKS® trademark. For example, Azteca promotes its computer software programs under the CITYWORKS® trademark utilizing a wide variety of means including at least its own magazine, brochures, banners, attendance at various trade shows, trade show booths and associated signage, shirts, jackets, bicycle kits, as well as its substantial internet presence.

20. Azteca offers and sells its computer software programs under its CITYWORKS® trademark to cities, counties, municipalities, and similar entities that build and/or manage public works assets.

21. As one example, the city of Chicago in the State of Illinois is a client of Azteca and uses Azteca's CITYWORKS® computer software programs to manage Chicago's public works assets.

22. Azteca also partners with other companies, such as Esri, Blue Review, Innovyze, PublicStuff, and Power Engineers, in the development and integration of Azteca's CITYWORKS® computer software programs.

23. Azteca's business partners are also damaged by any confusion between Azteca's CITYWORKS® trademark and any similar mark.

24. The computer software programs and related services Azteca offers under the CITYWORKS® trademark are of high quality GIS-centric public asset management software programs for managing the infrastructure of cities.

25. As a result of Azteca's expenditures and efforts, the CITYWORKS® trademark has come to signify the high quality of the computer software programs designated by the CITYWORKS® trademark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Azteca.

26. Upon information and belief, UIL has developed and is engaged in a project named CityWorks.

27. The CityWorks project will allegedly perform research and develop related to urban infrastructure.

28. UIL states that its CityWorks project "will enable experiments at scale to develop real solutions for the marketplace, so that, if successful, they can continue and be extended to have impact in other cities." A representative copy of the front page of UIL's website, [www.uilabs.org](http://www.uilabs.org) , is attached hereto as Exhibit C.

29. Without Azteca's authorization, and upon information and belief, beginning after Azteca acquired protectable exclusive rights in Azteca's CITYWORKS® trademark, UIL adopted and began using in US commerce a mark identical to Azteca's CITYWORKS® trademark, specifically "CityWorks" (hereinafter "Infringing CityWorks Mark").

30. The Infringing CityWorks Mark adopted and used by UIL is identical to Azteca's CITYWORKS® trademark.

31. Upon information and belief, UIL has been engaged in the advertising and promotion of its research and development project related to urban infrastructure using the Infringing CityWorks Mark throughout the U.S. A representative copy of UIL's website, www.cityworks.uilabs.org , is attached hereto as Exhibit D.

32. Upon information and belief, the www.cityworks.org website redirects to UIL's website, www.cityworks.uilabs.org .

33. Upon information and belief, the research and development project related to urban infrastructure UIL has marketed, advertised, and promoted under the Infringing CityWorks Mark are virtually identical or closely related to Azteca's CITYWORKS® computer software programs for management of public works and utilities assets.

34. Upon information and belief, UIL has marketed, advertised, and promoted its research and development project related to urban infrastructure under the Infringing CityWorks Mark through the internet, including at least two websites and a Twitter handle owned and operated by UIL.

35. For example, on information and belief, UIL owns and operates the websites www.uilabs.org and www.cityworks.uilabs.org, and the "@Cityworks_" Twitter handle.

36. Upon information and belief, UIL has marketed, advertised, and promoted its research and development project related to urban infrastructure under the Infringing CityWorks Mark to cities, counties, municipalities, and the like, as well as to computer program business partners such as Siemens, Accenture, Commonwealth Edison, and Microsoft.

37. UIL's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of UIL's research and development project related to urban infrastructure and have and are likely to deceive the relevant consuming public into believing, mistakenly, that UIL's research and development project related to urban infrastructure originates from, are associated or affiliated with, or otherwise authorized by Azteca.

38. UIL's infringing acts as alleged herein have resulted in actual confusion as evidenced by certain messages posted via Twitter to a webpage under Azteca's CITYWORKS® trademark at https://klout.com/Cityworks . As seen on the webpage, Azteca's CITYWORKS® trademark is at the top of the page and the page includes messages and pictures related to Azteca's CITYWORKS® computer software programs, as well as messages posted that were intended for UIL's CityWorks project and reference UIL's Infringing CityWorks Mark, specifically, messages from Art Baron and AccelGrowthAdvisors. A representative copy of webpage https://klout.com/Cityworks dated April 1, 2015 is attached hereto as Exhibit E.

39. At least one of the messages referencing UIL's Infringing CityWorks Mark left on the https://klout.com/Cityworks webpage was subsequently removed, specifically, the message from Art Baron. A representative copy of webpage https://klout.com/Cityworks

dated April 2, 2015 is attached hereto as Exhibit F.  The removal of this message evidences at least the actual confusion that resulted in the original posting of the message.

40. Upon information and belief, UIL's acts are willful with the deliberate intent to trade on the goodwill of Azteca's CITYWORKS® trademark, cause confusion and deception in the marketplace and divert potential sales of Azteca's CITYWORKS® computer software programs to UIL.

41. UIL's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Azteca and to its valuable reputation and goodwill with the consuming public for which Azteca has no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement)**

42. Azteca repeats and realleges Paragraphs 1 – 41 hereof, which are incorporated herein by reference as if fully set forth herein.

43. UIL's unauthorized use in commerce of the Infringing CityWorks Mark as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

44. Upon information and belief, UIL has committed the foregoing acts of infringement with full knowledge of Azteca's prior rights in the CITYWORKS® trademark and with the willful intent to cause confusion and trade on Azteca's goodwill.

45. UIL's conduct is causing immediate and irreparable harm and injury to Azteca, and to its goodwill and reputation, and will continue to both damage Azteca and confuse the public unless enjoined by this Court.  Azteca has no adequate remedy at law.

46. Azteca is entitled to, among other relief, injunctive relief and an award of actual damages, UIL's profits, enhanced damages and profits, reasonable attorneys' fees and

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition and False Designation of Origin)

47. Azteca repeats and realleges Paragraphs 1 – 46 hereof, which are incorporated herein by reference as if fully set forth herein.

48. UIL's unauthorized use in commerce of the Infringing CityWorks Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

49. UIL's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of UIL with Azteca.

50. UIL's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of UIL's project.

51. UIL's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

52. UIL's conduct as alleged herein is causing immediate and irreparable harm and injury to Azteca, and to its goodwill and reputation, and will continue to both damage Azteca and confuse the public unless enjoined by this Court. Azteca has no adequate remedy at law.

53. Azteca is entitled to, among other relief, injunctive relief and an award of actual damages, UIL's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (Utah State Unfair Competition)

54. Azteca repeats and realleges Paragraphs 1 – 53 hereof, which are incorporated herein by reference as if fully set forth herein.

55. UIL has intentionally used in commerce in the State of Utah the Infringing CityWorks Mark in connection with a research and development project related to urban infrastructure, which use is unfair or fraudulent and leads to a diminution in value of Azteca's CITYWORKS® trademark and is infringement of Azteca's trademark rights.

56. UIL is creating a likelihood of confusion by using the Infringing CityWorks Mark to advertise and promote UIL's research and development project related to urban infrastructure.

57. UIL's use of the Infringing CityWorks Mark represents unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 *et al*.

58. Azteca has suffered actual damages, including lost profits, as a result of unfair business practices by UIL in an amount to be proven at trial. Additionally, the harm to Azteca arising from these acts by UIL is not fully compensable by money damages. Azteca has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by UIL is preliminarily and permanently enjoined. Furthermore, Azteca is entitled to its attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Azteca request judgment against UIL as follows:

A. That UIL has violated Section 32 of the Lanham Act (15 U.S.C. §1114), and Section 43(a) of the Lanham Act (15 U.S.C. §1125(a);

B.  That UIL has violated the Utah Unfair Practices Act (Utah Code Ann. §13-5a-102);

C.  Granting an injunction preliminarily and permanently enjoining UIL, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   i. Marketing, advertising, promoting or authorizing any third party to market, advertise or promote any research and development project related to urban infrastructure bearing the Infringing CityWorks Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Azteca's CITYWORKS® trademark;

   ii. Engaging in any activity that infringes Azteca's rights in its CITYWORKS® trademark;

   iii. Engaging in any activity constituting unfair competition with Azteca;

   iv. Making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (1) UIL's research and development project related to urban infrastructure is any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Azteca, or (2) Azteca's computer software programs are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with UIL;

   v. Using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of

11

    origin, or any marks, names, words, symbols, devices or trade dress that falsely associates such business, goods and/or services with Azteca or tend to do so;

 vi. Registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Infringing CityWorks Mark or any other mark that infringes or is likely to be confused with Azteca's CITYWORKS® trademark, or any goods or services of Azteca, or Azteca as their source; and

 vii. Aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vi);

D. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by UIL are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Azteca or constitute or are connected with Azteca's computer software programs;

E. Directing UIL to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Infringing CityWorks Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Azteca's CITYWORKS® trademark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale

UIL's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the Infringing CityWorks Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Azteca's CITYWORKS® trademark, and to immediately remove them from public access and view;

F. Directing UIL to formally abandon with prejudice any and all of its applications to register the Infringing CityWorks Mark or any mark consisting of, incorporating or containing Azteca's CITYWORKS® trademark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry;

G. Directing UIL to cancel with prejudice any and all of its registrations for the Infringing CityWorks Mark or any mark consisting of, incorporating or containing Azteca's CITYWORKS® trademark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry;

H. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. §1116(a)), UIL to file with the Court and serve upon Azteca's counsel within thirty (30) days after service on UIL of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which UIL has complied therewith;

I. Awarding Azteca an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. §1117(a));

J.     Directing that UIL account to and pay over to Azteca all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)) enhanced as appropriate to compensate Azteca for damages caused thereby;

K.     Declaring this case an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Azteca its costs and reasonable attorneys' fees thereunder (15 U.S.C. §1117(a));

L.     Awarding Azteca interest, including prejudgment and post-judgment interest, on the foregoing sums; and

M.     Awarding such further and other relief as the Court deems just and proper.

Azteca demands trial by jury on all claims and issues so triable.

DATED: May 1, 2015.

       /s/ Gordon K. Hill\_\_\_\_\_
Gordon K. Hill
A. John Pate
PATE BAIRD

Attorneys for Plaintiff
Azteca Systems, Inc.